# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**M&T CREDIT SERVICES LLC,**

      **Plaintiff,**

**v.**                                                               **Case No: 6:14-cv-1821-Orl-22DAB**

**M/V WINE N CRIME,** *in rem*,

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR JUDGMENT (Doc. No. 25)**
>
> **FILED:**       **May 29, 2015**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

The marine lender, M&T Credit Services, LLC, filed this action *in rem* for foreclosure of a preferred ship's mortgage against the vessel M/V Wine N Crime[1] (the "Vessel"), owned by Kimi and Steve Braddock of New Smyrna Beach, Florida, pursuant to the Ship Mortgage Act, 46 U.S.C. § 31301-22, Rule C of the Supplemental Rules for Admiralty and Maritime Claims, and the Chapter 7 of the Local Rules governing admiralty and maritime claims[2]. Doc. 1. M&T has reached a

---

[1] Official Number 1199913, hull number LAR81034A606, her engines, tackle, boats, appurtenances.

[2] M&T has chosen not to assert an *in personam* claim for the deficiency against the Baddocks, which it would be otherwise entitled to pursue under the Ship Mortgage Act. *See J. Ray McDermott & Co. v. Vessel Morning Star*, 457 F.2d 815, 818 (5th Cir. 1972) (following sale of the vessel, any resulting deficiency is adjudged against the

- 2 -

stipulated resolution with the only claimants to have appeared, Al Blendeburgo, individually and d/b/a Al's Mobile Marine and Island Bound Marine Service Inc. (the "Claimants"); they wish to have their stipulation regarding claims to the Vessel reduced to judgment by the Court.

M&T sought foreclosure of the Preferred Ship's Mortgage of $141,595 against the Defendant Vessel as security for payment of a loan made to the Braddocks to purchase the Vessel; the Mortgage was recorded with the United States Coast Guard on May 18, 2007. Doc. 1-2. M&T alleges that the Braddocks have defaulted on the terms of the Mortgage by failing to make principal and interest payments and allowing claims for maritime liens to accrue against the Vessel. Doc. 1 ¶12. The Preferred Ship's Mortgage on the Vessel granted a security interest in the whole of the Vessel. Doc. 1 ¶ 17.

This action is governed by the Ship Mortgage Act, 46 U.S.C. § 31321 et seq. "The Ship Mortgage Act, when read together with the statutes delineating the judicial sale procedure in federal courts forms a comprehensive procedure for the foreclosure of a preferred ship's mortgage, the sale of the vessel and any resulting deficiency adjudged against the debtor *in personam*." *J. Ray McDermott & Co. v. Vessel Morning Star*, 457 F.2d 815, 818 (5th Cir. 1972). A preferred mortgage is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel. 46 U.S.C. § 31325(a). Pursuant to the provisions of the Ship Mortgage Act governing enforcement of the preferred mortgage lien, upon default of any term of the preferred mortgage, the lender may enforce the preferred mortgage lien in a civil action *in rem* against the vessel and recover the amounts due under the mortgage from the proceeds of the sale of the vessel. 46 U.S.C. §§

---

debtor *in personam*); *see also Wilmington Trust Co. v. M/V Miss B. Haven V*, 760 F.Supp.2d 364, 366 (S.D.N.Y.2010) ("It is settled that, by way of an in personam proceeding, the mortgagee is entitled to a deficiency judgment if the foreclosure sale does not satisfy its lien and costs.").

31325(b), 31326. Unlike other *in rem* actions brought in federal court, notice of the *in rem* civil action brought under the Ship Mortgage Act notice must be actual notice–rather than notice by publication[3]–to the individual in charge of the vessel and any person with a recorded unexpired lien or mortgage. 46 U.S.C. § 31325(d)(1). When directed by the court, the United States Marshal may take possession of the vessel pursuant to the Act. 46 U.S.C. § 31325(e). The Ship Mortgage also provides non judicial alternatives for lenders to take possession of a vessel after default. 46 U.S.C. § 31325(b)(3) ("On default of any term of the preferred mortgage, the mortgagee may ... enforce the preferred mortgage lien or a claim for the outstanding indebtedness secured by the mortgaged vessel, or both by exercising any other remedy (including an extrajudicial remedy) against a documented vessel . . . or a mortgagor . . . for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness, if the remedy is allowed under applicable law."). Parties to a ship mortgage can contract that self-help repossession under state law be available to enforce a mortgage. *Dietrich v. Key Bank*, 72 F.3d 1509 (11th Cir.1996) (Ship Mortgage Act did not prohibit holder of preferred ship mortgage from using state law self-help repossession remedies following mortgagor's default where parties authorized those procedures in underlying mortgage contract).

In this case, Plaintiff-mortgagee M&T filed suit *in rem* alleging that the Braddocks as mortgagors had failed to make payments due under the Preferred Ship Mortgage and M&T is entitled to enforce its preferred mortgage lien *in rem* for the amounts due under the mortgage. Doc. 1. M&T moved to arrest the Vessel, and on January 28, 2015, the Marshal did arrest the Vessel at

---

[3] Supplemental Admiralty Rule C(4) excepts cases brought under the Ship Mortgage Act from notice by publication for in rem actions ("This rule does not affect the notice requirements in an action to foreclose a preferred ship mortgage under 46 U.S.C. §§ 31301 et seq., as amended."); Local Rule 7.03(d).

Island Bound Marine Services in South Daytona, Florida. Doc. 21. M & T provided notice of the action *in rem* and arrest of the Vessel to all potential claimants – including the Braddocks – requiring all claims to be filed with the Court within 14 days, or by February 14, 2015. Doc. 19.  On February 11, 2015, Alexander Blandeburgo filed a $26,109 claim alleging an interest in the Vessel for non-payment of the outstanding invoice due from the Braddocks for work on the Vessel; no other claims have been filed in the case. Doc. 20.  The Braddocks, despite being served, did not file a claim or appear in the action; they have defaulted on any claim to the Vessel.  M&T's Verified Complaint in rem to foreclose the Preferred Ship Mortgage, which suffices as M&T's verified statement of right or interest under Supplemental Admiralty and Maritime Claims Rule C, assets the amount owed totaled $130,705.25, consisting of unpaid principal of $124,883.44, $2,253.89 in late fees, plus $3,394.09 in interest as of November 5, 2014, plus attorney's fees, custodial costs, and costs of litigation.  *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1233 (11th Cir. 2006).

M&T and the Blandeburgo Claimants have now stipulated to entry of a final judgment *in rem* disposing of all claims made against the Vessel. In the Complaint, M&T asserted as a remedy the judicial sale of the Vessel, or, in the alternative, that the Vessel be placed in M&T's possession. Doc. 1.  Pursuant to the Preferred Ships Mortgage in this case, M&T has the right to repossession of the Vessel without a court order if the Braddocks are in the event of a default on the Mortgage, or alternatively, the right to foreclose in federal court.   Doc. 1-2 ¶ 23. Upon repossession, M&T has the authority to resell the Vessel. *Id.* ¶ 25.   Following resale of the Vessel, M&T may subtract specific costs related to the sale including allowable attorney's fees and court costs before crediting the Braddocks any surplus for the resale.  *Id*. ¶¶ 26-27.

In the Stipulated Final Judgment *in rem* as proposed by M&T and the Claimants, M&T has agreed to pay a $1,500 to the Claimants in full satisfaction of all lien claims against the Vessel;

Claimants against the Vessel *in rem* reserve their rights to sue the Braddocks *in personam* for the deficiency balance on their open accounts; and M&T agrees to satisfy all *custodial legis* costs[4], and take the Vessel free and clear of all liens and encumbrances; with the parties to bear their own attorneys' fees and costs. Doc. 25.

The terms of the movants' Stipulation and proposed Final Judgment is consistent with the Ship Mortgage Act, which provides that a prior in time preferred mortgage is entitled to priority over all subsequently arising liens against the subject vessel, excepting only certain "preferred" maritime liens as set out in the statute. 46 U.S.C. § 31301. A lien for repairs and storage is a normal maritime lien as defined by 46 U.S.C. § 31342, and not one of the categories that qualifies as a "preferred maritime lien," thus, M&T's preferred mortgage lien is entitled to priority. The general rule regarding priorities under the Ship Mortgage Act is that attorneys' fees, costs, and interest accrued in the enforcement of a preferred ship mortgage are entitled to the same priority as the mortgage itself. *Transamerica Commercial Finance Corp. v. F/V Smilelee*, 944 F.2d 186, 188 (4th Cir.1991) (citing *General Elec. Credit Corp. v. O/S Triton VI*, 712 F.2d 991, 994 (5th Cir. 1983); *Nova Univ. of Advanced Tech., Inc. v. M/V Gypsy*, 331 F.Supp. 721, 722 (S.D.Fla.1971). Thus, M&T's attorneys' fees, costs, and accrued interest are entitled to priority (just as its preferred ship mortgage lien) over any other claims for repairs and storage.

Under the terms of the Preferred Ship Mortgage, M&T has the option of seeking the judicial sale of the Vessel or repossessing the Vessel, selling it, and crediting the sale price (after certain allowable deductions) against the balance of the Mortgage. From a practical standpoint it appears that there is no longer the necessity for a court-supervised sale of the Vessel to set priorities for

---

[4] The only expense incurred by the Marshal for service of the arrest warrant appears to have been paid. Docs. 21, 22.

competing claims since all competing claims have been resolved by the Stipulated Judgment – with M&T having the only remaining claim to the Vessel based on its Preferred Ship Mortgage.   Doc. 1-2.

It is respectfully **RECOMMENDED** that the Motion for Entry of the Stipulation for Final Judgment by **GRANTED, and the proposed Final Judgment be entered**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**Recommended** in Orlando, Florida on June 17, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties